IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD LOUIS BEASLEY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2749 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Richard Louis Beasley, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony conviction. Respondent filed a motion for summary judgment. (Docket Entry No. 10.) Petitioner has responded. (Docket Entry No. 20.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action.

## I. Procedural Background

A jury found petitioner guilty of theft under cause number 901947 in the 185th District Court of Harris County, Texas. After finding "true" to two enhancement paragraphs, the jury assessed punishment at forty years confinement. The conviction was affirmed on appeal. *Beasley v. State*, No. 01-02-00942-CR (Tex. App. – Houston [1st Dist.] 2004, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review. *Beasley v. State*, PDR No. 1281-04. Petitioner's state habeas

application was denied by the Texas Court of Criminal Appeals without a written order on findings of the trial court without a hearing. *Ex parte Beasley*, No. 64,677-01.

Petitioner raises the following grounds for federal habeas relief:

(1)    ineffective assistance of trial counsel in

      (a)    failing to object to the Ohio conviction enhancement paragraph;

      (b)    failing to object to extraneous offense evidence during the guilt-innocence phase of trial;

      (c)    failing to request an extraneous offense jury instruction;

(2)    ineffective assistance of appellate counsel in

      (a)    failing to raise insufficiency of the evidence;

      (b)    failing to raise the omission of an extraneous offense jury instruction;

      (c)    failing to challenge the Ohio conviction enhancement paragraph;

(3)    actual innocence;

(4)    insufficiency of the evidence;

(5)    a void indictment;

(6)    trial court error in failing to strike a juror; and

(7)    a *Batson* violation.

Respondent argues that all of these grounds fail as a matter of law.

## II.   Factual Background

The state appellate court set forth the following statements of facts in its opinion:

> In August 2001, appellant opened an account with $700 cash at Union Planters Bank (Union Planters).   The account was a business checking account for appellant d/b/a Ace Concrete, as reflected on an assumed name certificate that appellant presented to the bank.   There was little activity on the account for approximately two months.   However, between November 15 and November 23, large deposits were made to the account at various bank branches around the city.   There were also several large withdrawals from the account, which were made almost immediately after the deposits.   Soon thereafter, the bank discovered that the checks that had been deposited into appellant's account were being returned as 'no account found.'   The bank later determined that the checks were counterfeit.   As a result of the counterfeit checks, the bank lost over $25,000.

*Beasley*, at 1.

## III.   The Applicable Legal Standards

This petition is governed by applicable provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA).   28 U.S.C. § 2254.   Under the AEDPA, federal relief

cannot be granted on legal issues adjudicated on the merits in state court unless the state

adjudication was contrary to clearly established federal law as determined by the Supreme

Court, or involved an unreasonable application of clearly established federal law as

determined by the Supreme Court.   *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28

U.S.C. §§ 2254(d)(1), (2).   A state court decision is contrary to federal precedent if it

applies a rule that contradicts the governing law set forth by the Supreme Court or if it

confronts a set of facts that are materially indistinguishable from a Supreme Court decision

and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.   In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).   A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

## IV.   Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.   A

federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been

different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

In rejecting petitioner's claims of ineffective assistance of counsel, the state court on collateral review made the following relevant findings:

1.    Applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

2.    Applicant fails to make more than conclusory allegations that trial counsel was ineffective in not objecting to extraneous evidence.

*Ex parte Beasley*, p. 37 (citations omitted).

Petitioner alleges the following three instances of ineffective assistance of trial counsel, each of which is addressed separately.

A.    <u>Failure to object to the Ohio conviction enhancement paragraph</u>

Petitioner complains that counsel failed to object to an improper enhancement paragraph. He asserts that his indictment alleged an enhancement paragraph for an Ohio "aggravated burglary" conviction, but that the State only proved an Ohio "burglary" conviction. The record shows that contrary to petitioner's allegation, trial counsel did

object to the Ohio conviction.  Counsel's objections, argued at length to the trial court

outside the presence of the jury, were ultimately overruled.  S.F. Vol. 17, pp. 3-13.

Regardless, the state court of appeals rejected petitioner's underlying challenge to

the enhancement paragraph, as shown by the following:

> In point of error nine, appellant contends that he is entitled to a new
> punishment hearing because there was a fatal variance between an
> enhancement paragraph in the indictment, which alleged a prior conviction
> for an aggravated burglary in Ohio, and the proof at the punishment hearing,
> which showed a prior conviction for burglary in Ohio.  The fatal variance
> doctrine applies to enhancement allegations.  However, enhancement
> allegations need not be alleged with the same particularity that must be used
> in charging a primary offense.  *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim.
> App. 1986).  Not every variance between the indictment and the evidence is
> a fatal variance.  To show that a variance is fatal, the defendant must prove
> that it misled him to his prejudice.
>
> In *Freda*, the Court of Criminal Appeals held that even though an
> enhancement paragraph in the indictment had alleged that a defendant had a
> prior conviction for bank robbery, and the proof showed a prior conviction for
> conspiracy to commit robbery, there was no fatal variance because the
> defendant did not show that he was surprised to his prejudice.  The court
> noted that the indictment had correctly alleged the date of the prior offense,
> the cause number of the prior offense, the court returning the conviction for
> the prior offense, the location of the convicting court, and the fact that the
> offense was a felony.
>
> Similarly, in this case, the enhancement paragraph and the evidence show the
> same cause number, the same date of conviction, the same number and
> location of the convicting court, and the fact that the offense was a felony.
> We conclude that appellant has failed to show that he was surprised to his
> prejudice by the variance between the indictment and the proof.

*Beasley*, at 8-9 (citations omitted).  Petitioner establishes neither deficient performance nor

prejudice, and his conclusory allegations to the contrary are insufficient to raise a genuine

7

issue of material fact precluding summary judgment. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

The state habeas courts denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.

B.     Failure to object to extraneous offense evidence during guilt-innocence

Petitioner complains that trial counsel failed to object to certain inadmissible extraneous offense evidence that was "central" to the State's case. In rejecting petitioner's claim on collateral review, the state habeas court found that petitioner provided nothing more than conclusory allegations in support of his claim. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.

To the extent petitioner is attempting to argue deficient performance based on findings appearing in the state court of appeals' opinion, no basis for habeas relief under *Strickland* is shown. In its opinion, the state court of appeals noted that trial counsel did not object, or did not object timely, to evidence of "no sufficient funds" checks drawn on Ace Concrete's checking account. *Beasley*, at 5-6. However, petitioner fails to demonstrate that the evidence was inadmissible under state law, and fails to show that had counsel objected

properly, the evidence would have been excluded. Nor does petitioner demonstrate that but for counsel's purported deficiency, the result of the trial would have been different. This is particularly germane in light of the state appellate court's determination that similar extraneous offense evidence regarding petitioner's insufficient checks drawn on his Bank of America account was admissible. *Id.* at 6-7. Petitioner fails to show that the state court's determinations were contrary to or involved an unreasonable application of *Strickland* or were unreasonable determinations of the facts based on the evidence in the record.

C.    Failure to request extraneous offense and mistake of fact jury instructions

Petitioner argues that trial counsel was ineffective in failing to request an extraneous offense jury instruction during the guilt-innocence and punishment phases of trial. The state court record shows that the jury was instructed on the burden of proof for extraneous offense evidence during the guilt-innocence and punishment phases of trial. Clerk's Record at 90, 100. Accordingly, there is no factual basis for petitioner's argument.

Petitioner's claims of ineffective assistance for failure to request a definition of "knowingly" and a jury charge on "mistake of fact" likewise are without merit. Petitioner relies on *Green v. State*, 899 S.W.2d 245 (Tex. App. – San Antonio 1995, no pet.). As noted in *Green*, "mistake of fact" is a specific defense under Texas Penal Code section 8.02, and is commonly charged as follows: "It is a defense to this prosecution if the defendant, through mistake, formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense charged." 899

S.W.2d at 249. The standard language would then be specifically applied to the facts of the particular case. However, a mistake of fact charge is required only if the evidence raises such a defense. *Granger v. State*, 3 S.W.3d 36 (Tex. Crim. App. 1999). In the instant case, petitioner fails to show that the evidence raised a mistake of fact defense, and no *Strickland* violation is shown.

Petitioner also argues that counsel failed to request a jury definition for the term "knowingly. The jury charge in petitioner's case provided a definition for "knowingly." Clerk's Record at 85. No ineffective assistance of trial counsel is shown, and respondent is entitled to summary judgment on these issues.

## V.   Ineffective Assistance of Counsel on Appeal

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner  must allege and present facts that, if proven, would show that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West*, 92 F.3d at 1396. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner.

*Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690-91.

Petitioner raises the following three instances of ineffective appellate counsel:

A.      Failure to raise insufficiency of the evidence

Petitioner complains that counsel on appeal failed to challenge the sufficiency of the evidence to support the conviction. On collateral review, he argued that the evidence was insufficient because only circumstantial evidence established his presence at the scene of the offense. *Ex parte Beasley*, p. 16. Although the state habeas court found that appellate counsel raised this and other issues on direct appeal, *id.* at 37, a review of the appellate proceedings fails to disclose this issue on appeal. Accordingly, the state habeas court's finding is not factually supported by the record. Nonetheless, habeas relief is not merited in the instant case as ineffective assistance of appellate counsel is not shown.

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, a petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett,* 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland*, 466 U.S. at 694. In a counseled appeal following conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that

11

a petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for counsel's unreasonable failure to raise these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Petitioner does not limit his complaint to factual or legal insufficiency. Texas state law draws a distinction between claims of legal and factual insufficiency of the evidence. In a legal sufficiency review, the court views all the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, (1979); *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). The jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of the testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).

In a factual sufficiency review, the state court considers all the evidence in a neutral light. *Prible v. State*, 175 S.W.3d 724, 730-31 (Tex. Crim. App. 2005). A verdict will be set aside only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of *Johnson,* a reviewing court cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, it would have

voted to acquit. *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of *Johnson,* the reviewing court cannot declare that a conflict in the evidence justifies a new trial simply because it disagrees with the jury's resolution of that conflict. *Id.* Before finding that evidence is factually insufficient to support a verdict under the second prong of *Johnson,* the court must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.* In conducting a factual sufficiency review, the court must also discuss the evidence that, according to the defendant, most undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Petitioner complains that the evidence is factually insufficient because it was circumstantial. Texas does not draw a distinction between the sufficiency of direct and circumstantial evidence. The standard in a factual sufficiency review is the same for both direct and circumstantial evidence. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). Moreover, circumstantial evidence of each element of the offense satisfies the State's legal burden under a legal sufficiency challenge. *Glover v. State*, 102 S.W.3d 754, 758-59 (Tex. App.– Texarkana 2002, pet. ref'd).

Petitioner's complaint affords him no relief. Petitioner was charged with and found guilty of aggregate theft of property in an amount over $20,000.00 and under $100,000.00, alleged to have been committed in Harris County, Texas, pursuant to one scheme or continuing course of conduct beginning on or about and between November 15, 2001 and

13

November 23, 2001. Clerk's Record at 84, 93. Although sufficiency of the evidence was not challenged on direct appeal, the state appellate court set forth facts sufficient to withstand a legal or factual sufficiency challenge. Moreover, this Court's careful review of the record fails to reveal factual or legal insufficiency of the evidence which would support deficient performance or prejudice under *Strickland*. Petitioner has not shown any basis upon which appellate counsel could have obtained a reversal on factual or legal insufficiency of the evidence.

Petitioner has not shown that appellate counsel was deficient in failing to raise legal or factual insufficiency of the evidence, nor has he shown that but for this alleged deficiency, he likely would have prevailed on appeal. Petitioner's claim for ineffective assistance of appellate counsel is without merit. Respondent is entitled to summary judgment on this issue.

B.    Failure to raise omission of an extraneous offense jury instruction

Petitioner argues that counsel on appeal should have raised as error the omission of an extraneous offense jury instruction. As already noted, the jury was provided extraneous offense jury instructions at both the guilt-innocence and punishment phases of trial. Clerk's Record at 90, 100. Petitioner shows neither deficient performance nor prejudice under *Strickland*, and respondent is entitled to summary judgment on this issue.

14

C.    Failure to raise illegality of the Ohio conviction

Petitioner argues that counsel on appeal failed to challenge the Ohio conviction. The state court on collateral review rejected this claim as unfounded because appellate counsel did raise the issue on appeal. *Ex parte Beasley*, p. 37. As already noted by this Court, the state appellate court overruled petitioner's challenge to the Ohio conviction on appeal. *Beasley*, at 8-9. To the extent petitioner attempts to raise here any additional challenges to appellate counsel's performance not presented to the state courts, his complaints are procedurally defaulted without a showing of cause and prejudice, and are barred from consideration by this Court. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).

The state court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

## VI.   Actual Innocence

Petitioner contends that he is actually innocent of the theft offense under a "bare innocence" claim, citing *Herrera v. Collins*, 506 U.S. 390 (1993). A bare innocence or "stand alone" claim of innocence is not a recognized independent federal habeas claim in non-capital offense proceedings. *Schlup v. Delo*, 513 U.S. 298, 314 (1995); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006). *See also House v. Bell*, __U.S.__, 126 S.

Ct. 2064 (2006) (declining to resolve whether stand-alone *Herrera*-type actual innocence claims are cognizable habeas corpus claims in non-capital offenses).

A second type of actual innocence claim, a *Schlup*-type claim, is a procedural claim in which applicant's claim of innocence does not provide a basis for relief, but is tied to a showing of constitutional error at trial. *Dowthitt v. Johnson*, 230 F.3d 741, 741 (5th Cir. 2000). In *Schlup*, the Supreme Court held that to show actual innocence, a petitioner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of all of the evidence, including that alleged to have been illegally admitted and evidence tenably claimed to have been wrongly excluded or to have become available only after trial. 513 U.S. at 321.

To the extent petitioner claims actual innocence based on the constitutional errors raised in his petition, this Court has found no errors of constitutional dimension. Petitioner shows no basis for habeas relief under an actual innocence claim. *See Fahle v. Cornyn*, 231 F.3d 193, 196-97 (5th Cir. 2000). Respondent is entitled to summary judgment on this issue.

## VII.   Insufficiency of the Evidence

Petitioner claims that the evidence is insufficient to support his conviction because "the State failed to prove that [he] was a party to the offense." (Docket Entry No. 6, p. 13.) His claim of factual insufficiency is without merit, as factual insufficiency of the evidence

is not a cognizable federal habeas ground. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002).

In reviewing the sufficiency of the evidence, the federal standard for review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under this standard, the jury may disregard any evidence it chooses to disregard, as it is the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts." *Id.* Any contradictory testimony does not affect the validity of the guilty verdict. *Id.* The evidence can be sufficient to support a conviction under *Jackson* even when it also supports a claim of innocence. *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

The evidence set forth by the state court of appeals in its opinion is itself enough to allow a rational trier of fact to convict petitioner of the allegations in the indictment and jury charge, and the evidence presented at trial was enough to defeat a legal sufficiency challenge in a Texas appellate court. *See King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Further, the record clearly shows that during November of 2001, petitioner made deposits of large checks at various branches located all around Houston, and that withdrawals of the deposits were made by check or with petitioner's debit card almost immediately after the deposits. The deposit checks subsequently "bounced" and were returned to petitioner's bank as

17

counterfeit.  This Court's independent review of the trial record reveals sufficient evidence under *Jackson* to sustain the jury's verdict.  Respondent is entitled to summary judgment on this issue.

## VIII.  Void Indictment

Petitioner complains that the trial court erred in denying his motion to quash the indictment.  He argues that the indictment is void for failure to comply with state law by alleging with particularity the specific and individual theft offenses constituting the aggregate theft.  He further argued that the indictment is void for failure to comply with state law by alleging that the appropriations were without the effective consent of the owner.  These arguments were rejected on direct appeal.  *Beasely*, at 1-2.

The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction.  *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003).  Because the state court upheld the validity of the indictment, it was not so defective as to deprive the trial court of jurisdiction.  *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) ("Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue.").

Petitioner fails to show that the state court's denial of habeas relief under this issue was contrary to or involved an unreasonable application of clearly established federal law

as determined by the Supreme Court.  Respondent is entitled to summary judgment on this issue.

### IX.  Trial Court's Failure to Strike Juror

Petitioner alleges that the trial court erred in failing to strike juror number thirteen for cause because the juror was prejudiced and biased against him.  The trial record shows the following relevant exchanges during the State's voir dire:

> [State]:  There are some people that say, look, I would never be able to sentence someone to life for theft.  I just can't do it.  We need to know now.  So, minimum 25.  Some people say, look, I couldn't sentence someone to 25 years for theft.
>
> \*   \*   \*   \*
>
> [State]:  Okay, how about No. 13?
>
> [Juror 13]:  Oh, yeah, I could consider it.

S.F., Vol. 7, pp. 43-44.

> [State]:  I've got just a couple of more questions.  I'm going to take you kind of by row.  [I]s there anybody in the first row that has any family, friends, relatives that have ever been accused in a criminal case, ever been charged, ever been arrested, they themselves, friends, relatives, know anybody, neighbor, anybody at all?
>
> \*   \*   \*   \*
>
> [State]:  How about you, ma'am, No. 13?
>
> [Juror 13]:  A good friend of mine was charged with burglary of a habitation, did two years on a twelve-year sentence.
>
> [State]:  Okay.  And do you –
>
> [Juror 13]:  I have mixed feelings about it.

19

[State]:     – feel that person was treated unfairly?  Was that here in Harris County?

[Juror 13]:     Yes, ma'am.

[State]:     Are you going to hold that against me?

[Juror 13]:     No.

[State]:     You don't sound real convincing.

[Juror 13]:     I have mixed feelings.

[State]:     So, you feel like – do you think that it might influence your decision or your ability to sit in this case?

[Juror 13]:     Honestly, yeah.

*Id.* at 59, 62.

[State]:     So, I'd like to ask each of you what you think the most important function of the criminal justice is of those three [punishment, rehabilitation, deterrence to others].

                    *    *    *    *

[State]:     No. 13?

[Juror 13]:     Punishment.

*Id.* at 70.    The record further shows the following relevant exchanges during defense counsel's voir dire:

[Defense counsel]:   13. Excuse me.  You're a cash controller; it that right?

[Juror 13]:     Yes, sir.

[Defense counsel]:   Explain what this is.

20

> [Juror 13]:   I work in H.E.B.'s cash office. I deal with cash, with the checks, with the –
>
> [Defense counsel]:   Okay.
>
> [Juror 13]:   If you pay for it, it comes through my hands.
>
> [Defense counsel]:   Do you think, based on that job you have, do you think you could be fair and impartial in a case involving cash that was allegedly appropriated (sic)?
>
> [Juror 13]:   Probably not. I don't have a whole lot of tolerance for that.
>
> [Defense counsel]:   So, you could not be a fair –
>
> [Juror 13]:   Probably not.

*Id.* at Vol. 8, p. 20.

> [Defense counsel]:   Okay. Who else cannot be – cannot be impartial – who cannot be impartial in this type of a case without knowing the facts? Is there anybody who's already prejudged this particular case? Okay. Juror?
>
> [Juror 13]:   13.
>
> [Defense counsel]:   13. Who else. Anybody in the second row? Third row?

*Id.* at 36.

At the close of voir dire, the State and defense counsel both moved to strike juror thirteen for cause. The trial court denied the requests, noting that the juror had responded "both ways," favorably to the State and to the defense. *Id.* at 45. Defense counsel's motion for an extra peremptory strike was denied. *Id.* Defense counsel used one of his ten peremptory strikes against juror thirteen. Clerk's Record at 80.

On direct appeal, the state court rejected petitioner's argument that the trial court

erred in not striking juror thirteen for cause, and held as follows:

> In point of error four, appellant contends that the trial court erred by refusing
> to strike veniremember 13 for cause because 'she had already prejudged the
> case against the defendant.' We afford great deference to the trial court's
> decision because '[i]t is the trial judge who has the opportunity to view each
> veniremen's demeanor, evaluate his credibility and, ultimately, who is in the
> better position to pass on the challenges for cause presented.' This ruling will
> not be disturbed absent a showing of an abuse of discretion.

*Beasley*, at 3. The state court of appeals then noted that under state law, the challenging

party must show that the veniremember had established in his mind a conclusion as to the

guilt or innocence of the defendant and that this conclusion would influence his verdict.

The state court found that petitioner failed to meet such burden:

> In this case, veniremember 13's response indicated only that she had
> prejudged the case. There is nothing in the record to show what she had
> prejudged or that she had prejudged the case in favor of either appellant or the
> State. There was no follow-up questioning by either party or the court to
> determine whether veniremember 13's prejudged conclusion would influence
> her verdict. At best, appellant has shown that veniremember 13 had
> 'established in [he]r mind a conclusion as to the guilt or innocence of the
> defendant,' but has not shown that 'such a conclusion would have influenced
> [veniremember 13's] verdict.' As such, appellant has not shown that the trial
> court abused its discretion by refusing to excuse veniremember 13 for cause.

*Id.* (citations omitted). Petitioner's claim was raised and rejected under state law, and he

presented no federal constitutional claim. The state court's determination that a prospective

juror could perform his statutory function faithfully and impartially is accorded a

presumption of correctness under 28 U.S.C. 2254(d). *Williams v. Collins*, 16 F.3d 626, 633

(5th Cir. 1994). It is not the function of the federal habeas court to substitute its judgment

22

for that of the state court on the issue of granting a motion to strike a potential juror for cause. *Id.*

Petitioner fails to show that the state court's denial of his claim was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. He further fails to present clear and convincing evidence rebutting the presumed correctness of the state court's factual findings. Respondent is entitled to summary judgment on this issue.

## X. *Batson* Violation

Petitioner claims the State violated *Batson v. Kentucky*, 476 U.S. 79 (1986), by peremptorily striking three black veniremembers. The state appellate court disagreed:

> In point of error five, appellant contends the trial court erred when it overruled his *Batson* challenge to the State's exercise of its peremptory strikes to remove three black veniremembers. We review a trial court's *Batson* ruling in the light most favorable to it, applying a 'clearly erroneous' standard of review. A three-step procedure consists of: (1) the accused's making a prima facie case of purposeful discrimination; (2) shifting the burden to the State to provide race-neutral explanations for its challenges, and (3) shifting the burden back to the accused to prove the State's reasons were only a pretext for race-motivated strikes. To hold the trial court's decision was clearly erroneous, the appellate court must be left with a 'definite and firm conviction that a mistake has been committed.'
>
> Of the five black veniremembers, appellant exercised a peremptory strike against one– a police officer. The State struck three of the remaining four black veniremembers. The State struck veniremember 6 because the panelist (1) had a problem considering life in prison as a possible punishment for the offense and (2) had a brother in prison for forgery. The State struck veniremember 12 because the panelist (1) had problems considering life in prison as a possible punishment for the offense and (2) had some 'bad check' cases herself and had some friends and neighbors who had been accused in

23

criminal cases. Finally, the State struck veniremember 15 because the panelist (1) had problems considering life in prison for the offense and (2) had relatives who had gone to prison.

After the appellant made a prima facie showing of discrimination, the State offered race-neutral reasons for its strikes. Thus, the issue in this case involves only the third prong of the *Batson* analysis, *i.e.*, whether appellant met his burden of proving that the State's reasons were only a pretext for race-motivated strikes.

Appellant points out that the State did not strike two other jurors who stated that they could not consider life in prison as a possible punishment for the offense, and that these jurors actually served on the jury. Additionally, appellant points out that five other veniremembers stated that they had family members or friends involved with criminal histories and that these veniremembers were not struck by the State. Such disparate treatment, appellant argues, is proof that the State's strikes were nothing more than a pretext for removing blacks from the jury. We disagree.

> [W]hen the State has offered more than one plausible reason for striking a venireperson, it is proper to review these reasons in their entirety in order to assess whether the State's explanation was valid or merely pretextual. Where, as here, the State has offered numerous race neutral reasons for its challenge, we cannot say that the fact that there were other acceptable jurors possessing one or more of these objectionable attributes is sufficient to establish disparate treatment.

'Disparate treatment,' as such, cannot automatically be imputed in every situation where one of the State's reasons for striking a venireperson would technically apply to another venireperson whom the State found acceptable.

Although there were other veniremembers that also possessed at least one of the attributes the State found objectionable, appellant does not point to any other veniremember who possessed both of the objectionable attributes as did those upon whom the State exercised its peremptory strikes. As such, the trial court's ruling that the State's strikes were race-neutral, and not pretextual, was not clearly erroneous.

*Beasley*, at 4-5 (citations omitted).

This Court has carefully reviewed the record and finds no legal or factual basis for disagreeing with the state court's analysis. Petitioner fails to show that the state court's denial of his *Batson* claim was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. He further fails to present clear and convincing evidence rebutting the presumed correctness of the state court's factual findings. Respondent is entitled to summary judgment on this issue.

## XI.  Conclusion

Respondent's motion for summary judgment (Docket Entry No. 10) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the *16* day of July, 2007.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

25